UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILDER GIMENEZ-DOMINGUEZ,

                         Petitioner,

                -against-

LADEON FRANCIS, *et al.*,

                         Respondents.

26-CV-1438 (JPO)

ORDER

---

J. PAUL OETKEN, United States District Judge:

Petitioner Wilder Gimenez-Dominguez,[*] a native and citizen of Venezuela, entered the

United States in August 2022.  (ECF No. 1 ¶¶ 8, 21.)  Gimenez-Dominguez was charged with

inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  (*Id.* at ¶ 23.)  On February 19, 2026,

Gimenez-Dominguez was arrested and taken into custody by Immigration and Customs

Enforcement ("ICE") while reporting for a scheduled check-in at 26 Federal Plaza, New York,

New York.  (*Id.* at ¶ 22.)  The next day, Gimenez-Dominguez filed a petition for a writ of *habeas*

*corpus* under 28 U.S.C. § 2241 seeking immediate release or, in the alternative, a bond hearing

within fourteen days.  (*See generally* ECF No. 1.)

I.      **Non-Mandatory Detention**

Respondents concede that this Court's prior decision in *Yang v. Almodovar*, No. 25-CV-

10265, 2025 WL 3678644 (S.D.N.Y. Dec 18, 2025), controls in the case before it now.  (ECF No.

5 at 2-3.)  As this Court stated in *Yang*, this Court and others overwhelmingly have held that

---

[*] The caption on ECF spells Petitioner's last name as "Giminez-Dominguez," but his petition
spells his name as "Gimenez-Dominguez."  (*See generally* ECF No. 1.)  The Court adopts the
latter spelling and the Clerk of Court is directed to amend the case caption accordingly.

§ 1226(a) governs detention of noncitizens like Gimenez-Dominguez, who have been living in the United States. *Yang*, 2025 WL 367864, at *1 (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-4 (S.D.N.Y. Oct. 28, 2025); *Tumba v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2-5 (S.D.N.Y. Nov. 4, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025)).

For the reasons explained in *Yang* and by other judges in this district, this Court concludes that Gimenez-Dominguez was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Id.* at *1 (quoting *Lopez Benitez*, 795 F. Supp. 3d at 491). Section 1225(b)(2)(A) applies only to noncitizens actively seeking admission to the United States, and not to individuals like Gimenez-Dominguez who have already entered and have been residing in the country. *See, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d at 483-91. "To rule in Respondents' favor on this question would require adopting a reading of § 1225(b)(2)(A) and § 1226(a) that runs contrary to the text of the statutes, contemporaneously implemented regulations, and the purpose of recent amendments expanding the scope of mandatory detention for certain noncitizens involved in criminal conduct." *Yang*, 2025 WL 367864, at *1.

## II.    Appropriate Relief

Next, there is the question of remedy. Gimenez-Dominguez requests that the Court grant the petition and order his immediate release or, in the alternative, direct Respondents to provide a bond hearing under § 1226(a) within fourteen days. (ECF No. 1 at 21.) Respondents contend

that a bond hearing is the appropriate remedy because ICE was aware of Gimenez-Dominguez's

arrest record at the time of detention.  (ECF No. 5 at 3.)

The Court grants the petition to the extent it seeks immediate release.  Respondents do

not identify any cases in support of their argument that a bond hearing is the appropriate remedy.

(*Id.*)  And although some courts in this District have concluded that a bond hearing is the proper

remedy where the record reflects meaningful criminal history or an individualized enforcement

determination, those decisions are distinguishable.  Unlike a situation in which the petitioner has

prior convictions or an extensive criminal record, Gimenez-Dominguez's criminal history

reflects only a single arrest, where the charges were later dismissed.  (*See* ECF No. 5-4 at 3.)  *Cf.*

*Jimenez v. Joyce*, No. 26-CV-429, 2026 WL 251889, at *1 (S.D.N.Y. Jan. 30, 2026) (ordering a

bond  hearing rather than release because the Government demonstrated that it had issued a

warrant based on the petitioner's "three convictions related to drunk driving, including one as

recent as last year"); *Quinteros Moran v. Joyce*, No. 25-CV-9645, 2025 WL 3632895, at *4

(S.D.N.Y. Dec. 15, 2025) (noting that, although the charge underlying the petitioner's detention

had been dismissed, the petitioner had ten law-enforcement encounters over a three-year period).

Moreover, the Government has failed to offer a declaration or any other evidence demonstrating

that ICE exercised discretionary judgment grounded in public-safety or flight-risk

considerations.  *Cf. Jiminez*, 2026 WL 251889, at *1 (crediting declaration from ICE officer

stating that the petitioner's arrest and detention were prioritized due to his criminal history and

perceived risk to public safety).

This case instead aligns more closely with *Tumba v. Francis*, where the court ordered

immediate release upon concluding that nothing in the record "suggest[ed] that DHS exercised

any discretion *at all* in detaining Petitioner."  2025 WL 3079014, at *7 (citation omitted).  On the

record before it now, the Court likewise finds no meaningful evidence of an individualized

discretionary determination as required by law.

Accordingly, the Court is not persuaded that a bond hearing would cure the defect in

Respondents' conduct. Immediate release is therefore the appropriate remedy.

**III.    Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is GRANTED.

**Respondents are hereby ORDERED to immediately release Gimenez-Dominguez from
custody and to certify compliance with this order by filing an entry on the docket no later
than 12:00 p.m. on February 27, 2026**.

The Clerk of Court is directed to amend the caption as directed in the above footnote and

to close this case.

SO ORDERED.

Dated:    February 26, 2026
          New York, New York

_____
                    J. PAUL OETKEN
                    United States District Judge